**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANET P. BUSH, | 3:08-CV-00680-RCJ-(RAM) |
| Plaintiff, | |
| v. | **ORDER** |
| NATIONSTAR MORTGAGE, LLC, QUALITY LOAN SERVICE CORPORATION, a California corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc. | |
| Defendants. | |

Before the Court is the Motion for Summary Judgment (#6) filed by Nationstar Mortgage, LLC ("Nationstar"), Quality Loan Service Corporation ("Quality Loan"), and Mortgage Electronic Registration Systems, Inc. ("MERS," collectively, "Defendants") filed on February 2, 2010. Plaintiff filed an Opposition (#9) on February 18, 2010 and Defendants filed a Reply (#10) on February 19, 2010. On July 19, 2010 the Court heard oral argument on this motion, but there was no appearance by or on behalf of Plaintiff.

**I. BACKGROUND**

This case arises out of a loan and deed of trust securing Plaintiff Janet P. Bush's ("Plaintiff") real property located in Lyon County, Nevada (the "Property). Plaintiff executed a note promising to repay the sum of $211,200.00 in monthly installments (the "Note"), secured by a Deed of Trust for the Property located at 607 Winter Place, Fernley, Nevada.

The lender under the Deed of Trust was Fremont, and the beneficiary was MERS. (See Boneau Aff. (#7) Ex. A). The loan was then assigned to Nationstar. (Reply (#10) Ex. 1).

In 2008, Plaintiff defaulted under the terms of the Deed of Trust by failing to make monthly payments on the loan. Nationstar, through its legal counsel, sent a notice of breach ("Default Letter") on May 8, 2008. (Boneau Aff. (#7) Ex. B). On June 16, 2008, Nationstar executed a substitution of trustee appointing Quality Loan as a substitute trustee. (Boneau Aff. (#7) Ex. C). On the same day, Quality Loan executed a notice of breach and default and election to cause sale of real property under the deed of trust ("Notice of Default"). (Boneau Aff. (#7) Ex. D).

Paragraph 22 of the Deed of Trust requires the lender to give notice of default prior to acceleration of the Note. The notice must specify the default, the action required to cure the default, a date by which the default must be cured, that failure to cure may result in acceleration of the note and sale of the property, and that the borrower may reinstate the loan after acceleration. (Boneau Aff. (#7) Ex. A). According to Plaintiff, the notice given by Quality Loan was deficient. Accordingly, Plaintiff initiated this lawsuit in state court on November 18, 2008 and the case was removed to federal court on December 24, 2008. Plaintiff seeks injunctive and declaratory relief based upon Defendants' alleged violation of the Federal Debt Collection Practices Act. Plaintiff alleges that the default notice which initiated foreclosure proceedings on the Property was defective.

## II. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact and the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "'[A] material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.'" *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483

(9th Cir. 1986) (quoting *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306 (9th Cir. 1982)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### III. DISCUSSION

**A.   Defendants Provided Proper Notice of Default**

Plaintiff alleges that the Notice of Default was deficient and failed to comply with paragraph 22 of the Deed of Trust[1] because it (i) stated that the beneficiary had executed and delivered to the trustee a written declaration that the deed of trust and the documents which

---

[1] Although Plaintiff refers to paragraph 22 of the Note, the Note itself has not been provided to the Court and the language used in Plaintiff's documents indicate that Plaintiff means to actually refer to paragraph 22 of the Deed of Trust.

3

reference an obligation thereunder had been accelerated;[2] (ii) failed to itemize the amount necessary to cure the alleged default; (iii) failed to set forth a specific date by which the default must be cured; (iv) failed to advise the borrower of the right to have enforcement of the security interest discontinued if certain conditions are met; and (v) failed to unequivocally state that if the defaults were not cured, the amount due under the note would be accelerated and that the beneficiary would conduct a foreclosure sale. (Notice of Removal (#1) Ex. A at ¶¶ 11–19). Defendants accept these allegations as true, with the exception of the allegation that the Notice of Default failed to advise the borrower of the right to have enforcement of the security interest discontinued if certain conditions are met. (Motion (#6) at 3:17–4:7). Nevertheless, Defendants argue that these statements need not be made in the Notice of Default, since the Notice of Default was not given pursuant to paragraph 22. Rather, the Defendants argue that the Default Letter, rather than the Notice of Default, served to fulfill the requirements of paragraph 22.[3] (*See id.* at 4:8–15). Upon examination of the Default Letter, it does appear to serve the requirements of paragraph 22, and Plaintiff has not argued otherwise in her opposition. (*Id.*).

In contrast to the allegations made in the initial complaint, Plaintiff's opposition argues that the chain of title on the Deed of Trust invalidates the foreclosure process. (Opp. (#9)). Specifically, Plaintiff alleges that Quality Loan was not authorized to sign on behalf of the lender, Fremont, in the Notice of Default. While the Court could stipulate that this argument is outside the scope of the initial complaint and dismiss the complaint with leave to amend, Plaintiff's argument is not supportable on these grounds even if such leave were granted.

The chain of title is rather convoluted and can be briefly summarized as follows. Fremont identified MERS as nominee and beneficiary under the Deed of Trust. (Boneau Aff.

---

[2] This allegation is made in claim 11 of the Complaint, but it is not clear how this creates a deficiency, nor is it clarified in any of the documents regarding the present motion. Nonetheless, this statement is not made in the Default Letter, which is the document provided pursuant to paragraph 22 of the Deed of Trust.

[3] Defendants claim that the Notice of Default was issued pursuant to Nev. Rev. Stat. §§ 107.080, 107.085 in order to initiate foreclosure.

(#7) Ex. A). MERS then assigned its interest to Nationstar. (Reply (#10) Ex. 1). Nationstar is therefore the nominee and beneficiary under the Deed of Trust.

Paragraph 24 of the Deed of Trust allows the lender to remove the trustee and appoint a successor trustee. (Boneau Aff. (#7) Ex. A ¶ 24). Since Fremont, the original lender, appointed MERS as nominee and beneficiary, MERS would be authorized to act on Fremont's behalf under the Deed of Trust. (Boneau Aff. (#7) Ex. A). As the assignee of MERS' interest under the Deed of Trust, Nationstar has the same rights as MERS and could therefore remove and appoint a new trustee under paragraph 24 of the Deed of Trust. (Reply (#10) Ex. 1; Boneau Aff. (#7) Ex. A). The Substitution of Trustee was signed by Quality Loan, but Quality Loan was simply acting as attorney in fact for Nationstar. (Boneau Aff. (#7) Ex. C). Therefore, the Substitution of Trustee was properly executed and Quality Loan is the trustee under the Deed of Trust.

Quality Loan signed the Notice of Default on behalf of Nationstar. (Boneau Aff. (#7) Ex. D). In signing the Notice of Default, Quality Loan was acting on behalf of Nationstar and as a trustee under the Deed of Trust. Quality Loan's execution of the Notice of Default was therefore proper.

Plaintiff also argues that MERS does not have standing to foreclose by itself. Plaintiff relies upon *Mortgage Electronic Registration Systems v. Medina* for the proposition that MERS does not have standing in the present case. 2009 WL 4823387 (D.Nev. Dec. 4, 2009). There, the court held that since MERS had not met its burden of establishing that it was a real party in interest of the note at issue, MERS did not have standing. *Id.* at 2. However, in *Mortgage Electronic Registration Systems* MERS was acting as nominee and beneficiary of another company without providing any evidence that the company had an interest in the note or deed at issue. *Id.* at 1. Here, the current owner of the note is not at issue, and MERS' relationship to Fremont and Nationstar's relationship to MERS has been established. Furthermore, it is well-established that beneficiaries such as Nationstar and MERS and trustees such as Quality Loan have authority to pursue nonjudicial foreclosure proceedings. *See* Nev. Rev. Stat. § 107.080.

Because no issue of material fact exists and the law does not support the granting of Plaintiff's claim, summary judgment is granted.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#6) is GRANTED.

DATED: This 16TH day of August, 2010.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE